# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **HOUSING SERVICES, INC.,** | § | |
| **PLAINTIFFS** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALDEN TORCH FINANCIAL, LLC;** | § | |
| **GRAND MARAIS, LLC, ALDEN LP,** | § | **C.A. NO. 3:20-cv-01274** |
| **LLC d/b/a ALDEN TORCH, LP, LLC,** | § | |
| **HIGHLAND GARDENS, LP; TAHOE** | § | |
| **HOUSING, LP, OAK HOLLOW** | § | |
| **HOUSING, LP, TX HILLSIDE** | § | |
| **APARTMENTS, LP, TX BLUFFVIEW** | § | |
| **HOUSING, LP, COLORADO CREEK** | § | |
| **HOUSING, LP, and ESCONDIDO** | § | |
| **HOUSING, LP,** | § | |
| **DEFENDANTS** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Housing Services, Inc. ("HSI")(formerly known as Housing Services of Texas) and, subject to and without waiving its Motion to Remand [Doc. 13], files this its First Amended Complaint complaining of Defendants Alden Torch Financial, LLC, Grand Marais, LLC, Alden LP, LLC d/b/a Alden Torch LP, LLC, Highland Gardens, LP, Tahoe Housing, LP, Oak Hollow Housing, LP, TX Hillside Apartments, LP, TX Bluffview Housing, LP, Colorado Creek Housing, LP and Escondido Housing, LP, and in support thereof would show the Court as follows:

## PRIOR LAWSUIT

1.     On October 1, 2019, Plaintiff filed a lawsuit (the "prior lawsuit") in state court against three of the Defendants in this lawsuit, Alden Torch Financial, LLC and Grand Marais, LLC, and Alden LP, LLC d/b/a Alden Torch LP, LLC. in Cause No. DC-19-16020, in the 193rd District Court, Dallas, Texas (the "prior lawsuit"). The claims in the prior lawsuit arose from the same events and transactions as those asserted in the present lawsuit. The prior lawsuit was removed to federal court based on diversity jurisdiction by Defendants on January 31, 2020, in Case No. 3:20-cv-00248-G, in the Northern District of Texas. Judge Fish dismissed the prior lawsuit without prejudice on March 2, 2020 because Plaintiff did not timely file a certificate of interested persons. On April 13, 2020 Plaintiff refiled the lawsuit in state court with several new defendants, at least one of which is a Texas citizen, which Defendants removed to federal court in the present action.

## PARTIES

1.     Plaintiff Housing Services, Inc. ("HSI") is a nonprofit corporation formed under the laws of the state of Texas with its principal office in Dallas County, Texas.

2.     As detailed below in this section, all of the Defendants are closely affiliated and interconnected. The significance of that is explained in the Facts and

Causes of Action sections below.

3.      Defendant Alden Torch Financial, LLC ("ATF") is a foreign limited liability company doing business in Texas that has entered an appearance in this lawsuit. According to a 2017 Statement of Foreign Entity Authority filed with the Colorado Secretary of State (Exhibit 1), its principal office street address is 1225 17th Street, STE 1400, Denver, CO 80202. This document was filed by Alison Wadle who gave her address as 1225 17th Street, STE 1400, Denver, CO 80202.

4.      Defendant Grand Marais, LLC ("Grand Marais") is a foreign limited liability company doing business in Texas that has entered an appearance in this lawsuit. According to a 2018 Texas Franchise Tax Public Information Report filed with the Texas Secretary of State (Exhibit 2), which was the last such report filed, Alden Affordable Holdings, LLC was the sole member of Grand Marais. According to the same document, Defendant Grand Marais' principal office street address is same as Defendant ATF' address, 1225 17th Street, STE 1400, Denver, CO 80202. According to a 2017 Statement of Foreign Entity Authority filed with the Colorado Secretary of State (Exhibit 3), Grand Marais' principal office street address is 1225 17th Street, STE 1400, Denver, CO 80202. This document was filed by Alison Wadle who gave her address as the same address as Defendants ATF and Grand Marais. A September 2016 Application for

3

Registration of a Foreign Limited Liability Company filed with the Texas Secretary of State (Exhibit 4) also was signed by Alison Wadle. A November 2016 Amendment to Registration (Exhibit 5) filed with the Texas Secretary of State shows that the governing organization for Grand Marais is Alden Affordable Housing, LLC. This document also was filed by Alison Wadle.

5.    Defendant Alden LP, LLC d/b/a Alden Torch LP, LLC ("Alden") is a foreign limited liability company doing business in Texas that has entered an appearance in this lawsuit. Alden has the same address as Defendants ATF and Grand Marais, 1225 17th Street, STE 1400, Denver, CO 80202. A May 2017 Application for Registration of a Foreign Limited Liability Company (Exhibit 6) filed with the Texas Secretary of State shows that the governing organization of Alden is Alden Affordable Housing, LLC, which also is the governing organization of Grand Marais. This document was signed by Alison Wadle as Executive Vice President and Secretary of Alden Affordable Housing, LLC.

6.    Defendant Highland Gardens, LP is a Texas limited partnership doing business in Texas that has entered an appearance in this lawsuit. According to a 2018 Texas Franchise Tax Public Information Report (Exhibit 7) filed with the Texas Secretary of State, which was the last such report filed, Defendant ATF was the sole general partner of Highland Gardens, LP. HSI does not agree with this

4

document because HSI has never withdrawn as a co-general partner of Highland Gardens, LP. This document also shows Highland Gardens, LP to have the same address as Defendants ATF and Grand Marais, 1225 17th Street, STE 1400, Denver, CO 80202. According to an Amendment to Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 8) with the Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-general partner of Highland Gardens, LP at that time. Plaintiff HSI is listed in this document as a co-general partner of Highland Gardens, LP. The document states that HSI "is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.

7.   Defendant Tahoe Housing, LP is a Texas limited partnership doing business in Texas that has entered an appearance in this lawsuit. According to a 2018 Texas Franchise Tax Public Information Report (Exhibit 9) filed with the Texas Secretary of State, which was the last such report filed, Defendant ATF was the sole general partner of Tahoe Housing, LP. HSI does not agree with this document because HSI has never withdrawn as a co-general partner of Tahoe

Housing, LP. This document also shows Tahoe Housing, LP to have the same address as Defendants ATF and Grand Marais, 1225 17th Street, STE 1400, Denver, CO 80202. According to an Amendment to Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 10) with the Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-general partner of Tahoe Housing, LP at that time. Plaintiff HSI is listed in this document as a co-general partner. The document states that HSI "is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.

8.     Defendant Oak Hollow Housing, LP is a Texas limited partnership doing business in Texas that has entered an appearance in this lawsuit. According to a 2018 Texas Franchise Tax Public Information Report (Exhibit 11) filed with the Texas Secretary of State, which was the last such report filed, Defendant Alden was the sole general partner of Oak Hollow Housing, LP. HSI does not agree with this document because HSI has never withdrawn as a co-general partner of Tahoe Housing, LP. An April 17, 2017 Amendment to Certificate of Limited

Partnership (Exhibit 13)[1] filed with the Texas Secretary of State shows Oak Hollow Housing, LP to have the same address as Defendants ATF and Grand Marais. According to an Amendment to Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 13) with the Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-general partner of Oak Hollow Housing, LP at that time. Plaintiff HSI is listed in this document as a co-general partner. The document states that HSI "is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.

9.   Defendant TX Hillside Apartments, LP is a Texas limited partnership doing business in Texas that has entered an appearance in this lawsuit. The Alden Defendants admit in their Notice of Removal that **TX Hillside Apartments, LP is a Texas citizen**, which means complete diversity of citizenship does not exist, and this Court does not have subject matter jurisdiction. (Notice of Removal, ¶ 10). According to the 2019 Texas Franchise Tax Public Information Report (Exhibit 14) filed with the Texas Secretary of State, which was the last such report filed, Dallas

---

[1] This First Amended Complaint does not contain an Exhibit 12.

LHA GP IX, LLC was the sole general partner of TX Hillside Apartments, LP. HSI does not agree with this document because HSI has never withdrawn as a co-general partner of Tahoe Housing, LP. According to an Amendment to Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 15) with the Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-general partner of TX Hillside Apartments, LP at that time. Plaintiff HSI is listed in this document as a co-general partner. The document states that HSI "is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.  According to a December 6, 2018 Certificate of Amendment (Exhibit 16) filed with the Texas Secretary of State, Dallas Leased Housing Associates GP IX, LLC was a general partner of TX Hillside Apartments, LP at that time. According to a December 31, 2018 Texas Franchise Tax Public Information Report (Exhibit 17) filed with the Texas Secretary of State, Defendant Grand Marais was a co-general partner of TX Hillside Apartments, LP. HSI does not agree with this document because HSI has never withdrawn as a co-general partner of TX Hillside Apts, LP. This document also shows TX Hillside

Apartments, LP's address to be the same as Defendants ATF and Grand Marais,

1225 17th Street, STE 1400, Denver, CO 80202

10.   Defendant TX Bluffview Housing, LP is a Texas limited partnership

doing business in Texas that has entered an appearance in this lawsuit. According

to a 2019 Texas Franchise Tax Public Information Report (Exhibit 18) filed with

the Texas Secretary of State, which was the last such report filed, Alden was the

sole general partner of TX Bluffview Housing, LP. HSI does not agree with this

document because HSI has never withdrawn as a co-general partner of TX

Bluffview Housing, LP. This document also shows TX Bluffview Housing, LP's

address to be the same as Defendants ATF and Grand Marais, 1225 17th Street,

STE 1400, Denver, CO 80202. According to a 2018 Texas Franchise Tax Public

Information Report (Exhibit 19) filed with the Texas Secretary of State Defendant

ATF was the sole general partner of TX Bluffview Housing, LP. HSI does not

agree with this document because HSI has never withdrawn as a co-general

partner of TX Bluffview Housing, LP. According to an Amendment to

Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 20) with the

Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-

general partner of TX Bluffview Housing, LP at that time. Plaintiff HSI is listed

in this document as a co-general partner. The document states that HSI "is not a

signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.

11.     Defendant Colorado Creekside Housing, LP is a Colorado limited partnership in Texas that has entered an appearance in this lawsuit. A March 20, 2017 Statement of Change Changing Information Other than Principal Office Address or Registered Agent Information (Exhibit 21) shows Defendant Grand Marais to be the new general partner of Colorado Creek Housing, LP. To the extent Grand Marais was attempting to show that it was the sole general partner, HSI does not agree with that statement. This document was filed by Alison Wadle, whose address is stated to be 1225 17th Street, STE 1400, Denver, CO 80202.

12.     Defendant Escondido Housing, LP is a Texas limited partnership doing business in Texas that has entered an appearance in this lawsuit. According to 2018 and 2019 Texas Franchise Tax Public Information Reports (Exhibits 22 and 23) filed with the Texas Secretary of State, which was the last such report filed, Defendant Grand Marais was is one of the co-general partners of Escondido Housing, LP. HSI does not agree with these documents because HSI has never

withdrawn as a co-general partner of Escondido Housing, LP. These documents also show Escondido Housing, LP's address to be the same address as Defendants ATF and Grand Marais, 1225 17th Street, STE 1400, Denver, CO 80202. According to an Amendment to Certificate of Limited Partnership filed on April 17, 2017 (Exhibit 24) with the Texas Secretary of State by Grand Marais, Defendant Grand Marais was a co-general partner of Escondido Housing, LP. at that time. Plaintiff HSI is listed in this document as a co-general partner. The document states that HSI "is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner." HSI does not agree with the part of that statement regarding HSI allegedly having no consent or approval rights under the limited partnership agreement.

13.     Defendants ATF, Grand Marais and Alden are sometimes collectively referred to herein as the "Alden Defendants." Defendants Highland Gardens, LP, Tahoe Housing, LP, Oak Hollow Housing, LP, TX Hillside Apartments, LP, TX Bluffview Housing, LP, Colorado Creek Housing, LP and Escondido Housing, LP are sometimes referred to herein collectively as the "LP Defendants" or the "Debtor Defendants" or the "limited partnerships."

14.     As detailed above, the documents discussed above filed with the Texas

11

and Colorado Secretary of State show that all of the Defendants are closely affiliated and interconnected with each other in several ways:

    a.    All of the Defendants share or at one time shared the same street address.

    b.    Defendants ATF, Grand Marais, Alden and Colorado Creekside Housing, LP have at least one common executive officer. Discovery may reveal this is the case for other Defendants as well, and may reveal additional common officers.

    c.    Grand Marais purportedly is or has been a general partner of all of the LP Defendants since April 2017.

    d.    ATF purportedly is or has been a general partner of Defendants Highland Gardens, LP, Tahoe Housing, LP, and TX Bluffview Housing, LP.

    e.    Alden purportedly is or has been a general partner of Defendants Oak Hollow Housing, LP and TX Bluffview Housing, LP.

    f.    Defendants Grand Marais and Alden share a common governing organization called Alden Affordable Holdings, LLC.

## JURY DEMAND

15.    Plaintiff requests a jury trial.

## FACTS

### A.    The HSI Loans and the Limited Partnerships

16.    Plaintiff Housing Services, Inc. ("HSI") made the following secured loans to the LP Defendants:

| **Borrower** | **Loan Amount** | **Location of Real Estate** |
| --- | --- | --- |
| Highland Gardens, LP | $500,000 | Harlingen, TX |
| Tahoe Housing, LP | $500,000 | Brownsville, TX |
| Oak Hollow Housing, LP | $450,000 | Dallas, TX |
| TX Hillside Apartments, LP | $471,916 | Dallas, TX |
| TX Bluffview Housing, LP | $500,000 | Dallas, TX |
| Escondido Housing, LP | $300,000 | Denton, TX |
| Colorado Creekside Housing, LP | $300.000 | Colorado |

Each of the loans was evidenced by a written and executed promissory note between HSI and each of the debtors (collectively the "notes"), and was secured by a deed of trust or subordinate deed of trust on real property owned by each of the debtors.

17.    On April 30, 2008 and continuing thereafter each of the LP Defendants/Debtors had two co-general partners as follows:

| **LP Defendant** | **Co-General Partners** |
| --- | --- |
| Highland Gardens, LP | HSI<br>CAH-IDA Highland Gardens, LLC |
| Tahoe Housing, LP | HSI<br>CAH-IDA Tahoe Housing, LLC |
| Oak Hollow Housing, LP | HSI<br>CAH-IDA Oak Hollow Housing, LLC |
| TX Hillside Apartments, LP | HSI<br>CAH-IDA Hillside Apartments, LLC |

13

| | |
|---|---|
| TX Bluffview Housing, LP | HSI<br>CAH-IDA Bluffview Housing, LLC |
| Escondido Housing, LP | HSI<br>CAH-IDA Escondido Housing, LLC |
| Colorado Creekside Housing, LP | HSI<br>CAH-IDA Colorado Creekside Housing, LLC |

18.    During this time, Lee Anderson was the Director Affordable Housing of HSI until he passed away in 2018. This was not a Board of Directors position. Lee Anderson was never on the HSI Board of Directors and was never an officer of HSI.

**B.    Grand Marais' Purported Replacement of the Co-General Partners of the Limited Partnerships**

19.    On or about April 17, 2017, Grand Marais filed with the Texas Secretary of State an Amendment to Certificate of Limited Partnership purportedly for Highland Gardens, LP, Tahoe Housing, LP, Oak Hollow Housing, LP, TX Hillside Apartments, LP, TX Bluffview Housing, LP and Escondido Housing, LP. These purported amendments all stated in part:

> The names and addresses of the co-general partners of [name of limited partnership] are Grand Marais, LLC, 1225 17th Street, Suite 1400, Denver, Colorado 80202, and Housing Services Incorporated 6333 Mockingbird Lane, Suite 147, Dallas, TX 75214, provided, however, Housing Services Incorporated is not a signatory hereto because it has no consent or approval rights under the limited partnership agreement in connection with the admission of the new general partner.

14

(Exhibits 8, 10, 13, 15, 20 and 24). These purported amendments are signed only by a representative of Grand Marais.

20.     These purported amendments do not explain why the co-general partners purportedly replaced by Grand Marais, including CAH-IDA Highland Gardens, LLC, CAH-IDA Tahoe Housing, LLC, CAH-IDA Oak Hollow Housing, LLC, CAH-IDA Hillside Apartments, LLC, CAH-IDA Bluffview Housing, LLC, and CAH-IDA Escondido Housing, LLC, did not sign the amendments.

21.     On April 11, 2017 Grand Marais also filed with the Colorado Secretary of State a Statement of Change Changing Information Other than Principal Office Address or Registered Agent Information for Colorado Creekside Housing, LP, which stated in part:

> This amendment of Colorado Creekside Housing, LP, a Colorado limited partnership, is made effective as of March 20, 2017. The following has occurred: The current CO-GP: CAH-IDA Colorado Creekside Housing, LLC and the current Class B GP: CAH- IDA Colorado Creekside Housing Class B, LLC, are withdrawing and being replaced by Grand Marais, LLC, the new general partner of Colorado Creekside Housing, LP.

(Exhibit 21). This document is not signed by HSI, CAH-IDA Colorado Creekside Housing, LLC or CAH-IDA Colorado Creekside Housing Class B, LLC. Plaintiff has seen a Seventh Amendment to Amended and Restated Agreement of Limited Partnership of Colorado Creekside Housing, LP dated February 1, 2018 (Exhibit 25)

and signed by Lee Anderson on behalf of HSI. This document contains a purported withdrawal of HSI as co-general partner of Colorado Creekside Housing, LP. Lee Anderson did not have authority to sign this document on behalf of HSI.

22.    With the one exception note above, other than documents unilaterally by Grand Marais, Plaintiff has not seen, consented to or signed any documents or agreements which:

(a)    show that HSI or the other co-general partners of the limited partnerships ever approved or consented to Grand Marais replacing the other co-general partners of the limited partnerships; or

(b)    show that such consent or approval was not required.

23.    If no such documents or agreements exist, which needs to be resolved through discovery in this case, there are serious questions as to whether Grand Marais ever actually became a co-general partner of any of the limited partnerships, and ever actually replaced any co-general partners, which also raises serious questions about subsequent events involving the limited partnerships discussed below.

### C.    The Loan Assignments

24.    After Grand Marias purportedly became a co-general partner of the LP Defendants, and later was purportedly replaced as co-general partner for some of the LP Defendants by ATF and Alden, the LP Defendants still owed over $3 million in secured loans to HSI. The Alden Defendants and the LP Defendants hatched a

scheme to get rid of that $3 million debt without actually having to pay it back to HSI.

25.     In a series of emails in August and September 2017 between ATF representative Ryan Trane (the emails specifically state he was communicating on behalf of ATF) and HSI's Lee Anderson (Exhibit 26), Mr. Trane started discussing the idea of  HSI assigning the notes to ATF or one of its affiliates.

26.     On or about September 28, 2017 Lee Anderson executed assignments transferring all of the HSI notes to Defendant Grand Marais. HSI did not receive any monetary compensation for the notes, and HSI did not receive any other consideration for the notes.

27.     During this time frame, James R. "Bill" Fisher, II was assisting Lee Anderson and HSI with compliance matters with TDHCA. Mr. Fisher had a discussion with Lee Anderson about the loan assignments executed by Anderson at the end of September 2017 giving the HSI loans to Grand Marais. During that discussion, Mr. Fisher read an email that Mr. Anderson and HSI had received from ATF.

28.     Attached hereto as Exhibit 27 is Mr. Fisher's affidavit wherein he discussed the content of this email:

> The Alden Torch representative stated in the email that any funds that HSI received from the debtors on these notes would have to be repaid to the City of Dallas. I believe, in hindsight, Alden Torch actually meant to say that the money would have to be turned over to the Federal Home Loan Bank of Dallas

17

("FHLB").  Regardless the net affect represented to HSI and Lee Anderson was the notes would never generate any net cash for the 501 C 3 non-profit. That e-mail is false and misled housing services as to the value and liquidity of the notes and mortgages. Lee Anderson relied on that written representation to my knowledge and understanding based upon my discussions with Lee Anderson in the ordinary course of our business relationship at that time.

The representation of the Alden Torch representative that HSI, the holder of the notes, would not get ANY funds from the notes and somehow go to the City of Dallas or to any other entity was false. If HSI had kept the notes, it would not have been required to have the note payments go to the City of Dallas or any other entity under FHLB rules governing AHP Grant compliance. Lee Anderson was always trying to get funding for the 501 C 3 public charity, as any non-profit would, to carry on their mission. Lee Anderson, who officed in the same building with my company, would never have assigned those notes to anyone if HSI could realize any funds from the notes and mortgages. HSI had over $1MM in 941 income taxes due the IRS at that time. No rational person would have assigned the notes with over $3MM in value for no money, in my experience.

Alden Torch clearly stated in the email that if it paid HSI any money for the notes, HSI would have to turn all of that money over to the City of Dallas. That allegation was also false.

29.    Plaintiff has been diligently searching for this email. Thus far it has not been found. Plaintiff will seek this document from Defendants in discovery.

30.    As noted above, Mr. Anderson passed away in 2018. Plaintiff has questioned why Mr. Anderson would assign over $3 million in HSI notes to Grand Marais without receiving one cent in compensation for them.  HSI had significant outstanding liabilities at that time, including a substantial obligation to the IRS. Plaintiff has come up with only two possible explanations. If Mr. Anderson had been blackmailed or bribed, that would explain making the assignments without receiving

18

compensation for HSI. However, at this time, Plaintiff has not seen any evidence of blackmail or bribery.

31.     The only other rational explanation HSI has found is the email from ATF to Anderson that Mr. Fisher read wherein ATF misrepresented to Anderson that HSI would not be entitled to keep the payments on the notes, and would not be entitled to keep any funds that ATF might pay for the notes.

32.     That being the case, there is a reasonable inference that Anderson was fraudulently induced to execute the note and deed of trust assignments to ATF affiliate Grand Marais by the misrepresentations in the email from ATF. Plaintiff obviously suffered damages as a result because Anderson gave away over $3 million in notes belonging to HSI.

**D.     <u>Lack of Consideration</u>**

33.     As discussed above, Plaintiff did not receive any monetary consideration or any other consideration for the $3 million in note assignments. Defendants argued in their motion to dismiss the claims asserted in Plaintiff's state court petition [Doc 8] that boilerplate language in the note assignments established that the Alden Defendants paid consideration for the note and deed of trust assignments.

34.     The boilerplate language in the note assignments was:

For a good and valuable consideration paid to Assignor by Grand Marais, LLC, a Delaware limited liability company (d/b/a Alden Grand Marais, LLC)

19

("Assignee"), the receipt and sufficiency of which are hereby acknowledged, Assignor by these presents does hereby negotiate, transfer, assign, endorse, grant, convey and deliver unto Assignee all of the following described property ( collectively, the "Debt and Liens"), to-wit:

35.    The boilerplate language in the deed of trust assignment was:

NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00), paid to the assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the said assignee, the said Deed of Trust and note secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof ….

36.    This boilerplate language in the assignments suggesting that the Alden Defendants paid money to HSI as consideration for the assignments is false. They did not pay one cent to HSI for the notes. That was part of the fraud perpetrated by the Alden Defendants.

37.    The Alden Defendants also paid no monetary consideration and gave no other consideration to Plaintiff for the purported withdrawal of HSI as a co-general partner of Colorado Creekside Housing, LP.

**E.**    <u>**Anderson did not have the Authority to Execute the Note Assignments**</u>

38.    Lee Anderson did not have the authority to execute the note and deed of trust assignments on behalf of Plaintiff. He was never a member of the HSI Board of Directors and he was never an officer of HSI. He never received approval of the HSI Board of Directors to make any of the assignments.

39.    Documents filed with the Texas Secretary of State by HSI, including

the Articles of Incorporation (Exhibit 28), the Restated Certificate of Formation (Exhibit 29) and the 2001, 2008 and 2015 periodic reports (Exhibits 30, 31 and 32), show the identity of the HSI directors and officers since its formation in 1997. None of those documents show that Lee Anderson was ever a director or officer of HSI.

40.    In the Alden Defendants motion to dismiss Plaintiff's state court petition, they argued that Plaintiff's pleading alleging that Lee Anderson did not have the authority to sign the note assignments on behalf of HSI was "without merit" because:

(1)    Lee Anderson signed an IRS Form 990 representing that he was a principal officer and executive director of HSI; and

(2)    The assignments signed by Mr. Anderson contained a representation by Mr. Anderson that he had "obtained any consent, approval, authorization or order of all persons and entities required for the execution…."

41.    These representations by Anderson were not true. As noted above, the corporate documents filed by Plaintiff with the Texas Secretary of State identify all directors and officers of HSI since its inception, and none of them identify Anderson as a director or officer.  Plaintiff categorically denies that any director or officer of HSI ever approved the note assignments.

42.    For all of the same reasons, Anderson did not have authority to sign the Seventh Amendment to Amended and Restated Agreement of Limited Partnership

of Colorado Creekside Housing, LP dated February 1, 2018, wherein HSI purportedly withdrew as co-general partner of Colorado Creekside Housing, LP.

### F.   The Sale of the Real Estate Securing the Notes

43.   Plaintiff's counsel learned for the first time after the Alden Defendants filed their response to Plaintiff's motion to remand [Doc 19] on June 15, 2020 that the LP Defendants apparently have sold all of the real estate securing the HSI loans, and that as a result of the sales, the notes no longer exist. Presumably, the notes were paid off to Grand Marais as the assignee of the notes at the time of the sales. However, Plaintiff has not seen any documents establishing that. Some of these sales were very recent. HSI, the co-general of the LP Defendants, was not aware of these sales prior to June 15, 2020, and did not approve or consent to the sales.

44.   Grand Marais, as the purported general partner of all of the LP Defendants, was the only entity that signed off on the following sale documents[2] on behalf of the LP Defendants:

| LP Defendant | Sale Document | Date of Sale |
|---|---|---|
| Highland Gardens, LP | Special Warranty Deed | 02/25/2019 |
| Tahoe Housing, LP | Assignment and Assumption of the Declaration of Land Use Restrictive Covenants for Low-Income Housing Credits | 03/04/2019 |

---

[2] These are the only sale documents Plaintiff has been able to locate in the public records. Defendants have not produced these records to Plaintiff.

| | | |
|---|---|---|
| Oak Hollow Housing, LP | Special Warranty Deed | 03/11/2020 |
| TX Bluffview Housing, LP | Special Warranty Deed | 08/20/2019 |
| Escondido Housing, LP | Special Warranty Deed | 08/20/2019 |
| Colorado Creekside Housing, LP | Assignment and Assumption of the Declaration of Land Use Restrictive Covenants for Low-Income Housing Credits | 02/24/2020 |

Plaintiff has not been able to locate any of the sale documents for the real estate owned by TX Hillside Apartments, LP.

## CAUSES OF ACTION

### A.   Common Law Fraud Against and Conspiracy to Commit Fraud

45.   All of the Defendants were involved in conceiving of the idea of how to get rid of the $3 million plus in loans owed by the LP Defendants to HSI without actually having to pay it back to HSI. The LP Defendants were involved in this scheme because their co-general partners Grand Marais, ATF and Alden were involved, and because the entire scheme was for the purpose of getting rid of the LP Defendants' debt to HSI.

46.   As detailed above, Defendant ATF carried out the first part of the plan by making misrepresentations to Lee Anderson of HSI about the repayment HSI loans. As discussed in detail above in the Facts section, *see supra* at pp. 16-17, there was a series of emails in August/September 2017 between Ryan Trane of ATF and

23

Lee Anderson about the idea of HSI assigning all of the loans to ATF or one of its affiliates.

47.     Mr. Fisher read an email from an ATF representative (likely Ryan Trane) to Lee Anderson and HSI wherein it was misrepresented to Anderson that:

(1)     any funds that HSI received from the debtors on these notes would have to be repaid to the City of Dallas; and

(2)     if ATF paid HSI any money for the notes, HSI would have to turn all of that money over to the City of Dallas.

*See supra* at pp. 17-18. These representations were false because HSI would not have been required to pay funds received from the debtors on the notes to the City of Dallas or to any other entity. HSI also would not have been required to turn over money received from ATF for the notes to the City of Dallas or any other entity. The ATF representative who made these misrepresentations (likely Ryan Trane) knew that they were false.

48.     ATF made these representations in order to induce Anderson to transfer the notes to it or one of its affiliates without receiving any monetary compensation for the notes. This was part of the scheme of all of the Defendants to get rid of the debt without paying any of it back.

49.     Lee Anderson relied on these representations from the ATF representative in the email in making the decision to assign all of the HSI notes and deeds of trust to Grand Marais. On or about September 28, 2017, Anderson executed

assignments transferring all of the $3 million plus in HSI notes and deeds of trust to Grand Marais. HSI never received any monetary compensation for the note and deed of trust assignments. If Anderson had not actually believed the representations, he would have had no reason to assign the notes without receiving compensation for them.

50.    Subsequent to the assignments, HSI never received any principal or interest payments on the notes from the LP Defendants or any other person or entity. When the LP Defendants' real property was sold in 2019 and 2020, HSI did not receive any proceeds from the sales to pay off any of the notes.

51.    HSI suffered damages as a result of Anderson's reliance on ATF's misrepresentations. If Anderson had not executed the note assignments in reliance on the misrepresentations, HSI would still own the notes, and the right to receive payments on the principal and interest. If a debtor defaulted, HSI would have had the right to foreclose on the real property securing the note. When the real property was sold, HSI would have had the right to receive funds to pay off the notes from the proceeds of the real estate sales.  Because of Anderson's assignment of the notes, HSI now has none of those rights, and has received none of the funds or real property it otherwise would have been entitled to receive.

52.    All of the Defendants acted in concert to carry out this plan to eliminate the $3 million plus debt without paying it back. Defendant ATF carried out the

unlawful overt act – making the misrepresentations to induce Anderson to assign the notes without receiving compensation. Defendants Grand Marais and Alden went along with it and received the direct benefit – receiving and benefitting from the note assignments. The LP Defendants went along with it and benefitted from it  -  their debt was transferred to the LP Defendants' co-general partner Grand Marais, and they did not have to make any note payments to HIS, and did not make any such payments. Thereafter, Grand Marais as the assignee of the notes and deeds of trust, controlled the LP Defendants' note obligations.

53.    Plaintiff seeks recovery of the damages in excess of the minimum jurisdictional limits of this Court that Plaintiff suffered as a result of Lee Anderson's reliance on ATF's misrepresentations and assignments of the notes and deeds of trust, from Defendants ATF, Grand Marais and Alden. , in the amount of misrepresentations from the nd asm

## B.    <u>The Note and Deed of Trust Assignments are Invalid and Unenforceable for Lack of Consideration</u>

54. Pleading in the alternative, HSI did not receive any monetary compensation from Defendants ATF, Grand Marais, Alden or the LP Defendants for the note and deed of trust assignments. HSI did not receive any other type of consideration from Defendants ATF, Grand Marais, Alden or the LP Defendants for the note and deed of trust assignments. All of the note and deed of trust

26

assignments are invalid and unenforceable due to a lack of consideration. For this reason, the assignments should be retroactively rescinded and declared void by this Court, and the notes and deeds of trust should be fully reinstated by this Court as they were prior to the assignments, with HSI as the owner/payee of the notes and in the amount that was owed on the notes prior to the assignments.

C.    **The Note and Deed of Trust Assignments are Invalid and Unenforceable Because Lee Anderson did not have the Authority to Execute Them and Bind HSI to the Assignments**

55.     Pleading in the alternative, Lee Anderson was never an officer HSI. He was never on the HSI Board of Directors. For this reason, he did not have the authority to execute the assignments of the notes and deeds of trust on behalf of HSI, and he was not authorized to bind HSI to these assignments. The HSI Board never gave Mr. Anderson the authority to execute the assignments and the HSI Board never approved the assignments. No officer of HSI ever gave Anderson the authority to execute the assignments and no officer ever approved the assignments. For this additional reason, the note and deed of trust assignments are invalid and unenforceable and should be retroactively rescinded and declared void by this Court. The notes and deeds of trust should be fully reinstated by this Court as they were prior to the assignments, with HSI as the owner/payee of the notes and in the amount that was owed on the notes prior to the assignments.

27

**D.**   **Unjust Enrichment Against Defendant Grand Marais**

56.   Pleading in the alternative, either Defendant Grand Marais has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. If the LP Defendants paid off the notes in part or in full to the assignee of the notes Grand Marais when the real estate was sold, then Grand Marais received a benefit (note payments) that resulted from note assignments that:

      (a)   were induced by fraud;

      (b)   were not supported by consideration; and/or

      (c)   were executed a person who did not have authority to do so.

Under these circumstances, it would be unconscionable to allow Grand Marais to retain the note payments. Plaintiff seeks recovery of the note payments retained by Grand Marais.

**E.**   **Action for Declaratory Judgment Against Defendant Grand Marais and the LP Defendants**

57.   Pleading in the alternative, because of the fraud, lack of consideration and lack of authority described above, there is a dispute between Plaintiff and Defendant Grand Marais, and between Plaintiff and the LP Defendants, about whether assignments of the LP Defendants' notes and deeds of trust to Grand Marais by Plaintiff are void, invalid and unenforceable.

58.   Accordingly, Plaintiff seeks a declaratory judgment to the effect that:

      (a)   all of the note and deed of trust assignments from Plaintiff to Grand

Marais are void, invalid and unenforceable; and

(b)     all of the notes and deeds of trust described above that were originally made by the LP Defendants to Plaintiff be fully reinstated as of the date(s) of the void and invalid assignments, with HSI as the owner/payee of the notes and in the amount that was owed on the notes prior to the assignments.

59.     There also is a dispute between Plaintiff and Defendant Grand Marais,

about:

(a)     Whether Grand Marais was required to obtain the approval and consent of HSI and the other co-general partners of the LP Defendants before it could validly replace the other co-general partners. Plaintiff has not seen any documents showing that such consent and approval was not required

(b)     Whether Grand Marais did obtain the valid consent and approval of HSI and the other co-general partners of the LP Defendants to replace the other co-general partners.

(c)     Whether Grand Marais is or has ever been a general partner or co-general partner of the LP Defendants.

(d)     Whether HSI still is a co-general partner of all of the LP Defendants. With one exception described above, *see supra* at p. 15, Plaintiff has not seen any documents showing that HSI ever withdrew as a co-partner of the LP Defendants. The one document related to HSI's purported withdrawal as a co-general partner of Defendant Colorado Creekside Housing, LP, should be declared void and unenforceable for lack of consideration given by Grand Marais, and because Lee Anderson did not have authority to execute said document on behalf of HSI.

(e)     Whether the sales of the LP Defendants' real estate, described above, *see supra* at pp. 21-23, required the consent and approval of HSI, and whether without such consent and approval those sales should be declared void.

29

60.     Accordingly, Plaintiff seeks a declaratory judgment to the effect that:

(a)     Grand Marais was required to obtain the approval and consent of HSI and the other co-general partners of the LP Defendants before it could validly replace the other co-general partners.

(b)     Grand Marais did not obtain the valid consent and approval of HSI and the other co-general partners of the LP Defendants to replace the other co-general partners.

(c)     Grand Marais is not and has never been a general partner or co-general partner of the LP Defendants.

(d)     HSI still is a co-general partner of all of the LP Defendants.

(e)     The document signed by Lee Anderson related to HSI's purported withdrawal as a co-general partner of Defendant Colorado Creekside Housing, LP, is void and unenforceable for lack of consideration given by Grand Marais, and because Lee Anderson did not have authority to execute said document on behalf of HSI.

(f)     The sales of the LP Defendants' real estate required HSI consent and approval.

(g)     The sales of the LP Defendants' real estate are void because HSI did not consent or approve of those sales.

## F.     <u>EXEMPLARY DAMAGES</u>

61.     Plaintiff seeks recovery of exemplary damages from Defendant ATF, Grand Marais and Alden under Section 41.001 et seq. of the Texas Civil Practice and Remedies Code because the harm for which Plaintiff seeks recovery resulted from:

(a)     fraud or conspiracy to commit fraud on the part of Defendants; and/or

(b)  a specific intent by the Defendants to cause substantial injury or harm to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear, and that upon final trial, Plaintiffs have judgment as follows:

1.  A judgment and order against all Defendants rescinding and declaring void all of the assignments of the notes and deeds of trust in question;

2.  A judgment and order against all Defendants reinstating the notes and deeds of trust as of the dates of the void assignments, with HSI as the owner/payee of the notes and in the amount that was owed on the notes prior to the assignments.

3.  An award of actual damages against Defendants ATF, Grand Marais and Alden;

4.  An award of exemplary damages against Defendants ATF, Grand Marais and Alden;

5.  A declaratory judgment against Defendant Grand Marais and the LP Defendants that:

    (a)  Grand Marais was required to obtain the approval and consent of HSI and the other co-general partners of the LP Defendants before it could validly replace the other co-general partners.

    (b)  Grand Marais did not obtain the valid consent and approval of HSI and the other co-general partners of the LP Defendants to replace the other co-general partners.

    (c)  Grand Marais is not and has never been a general partner or co-general partner of the LP Defendants.

    (d)  HSI still is a co-general partner of all of the LP Defendants.

(e)    The document signed by Lee Anderson related to HSI's purported withdrawal as a co-general partner of Defendant Colorado Creekside Housing, LP, is void and unenforceable for lack of consideration given by Grand Marais, and because Lee Anderson did not have authority to execute said document on behalf of HSI.

(f)    The sales of the LP Defendants' real estate required HSI consent and approval.

(g)    The sales of the LP Defendants' real estate are void because HSI did not consent or approve of those sales.

6.    Costs of Court;

7.    Pre-judgment and post judgement interest as allowed by law; and

8.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_/s/_ Robert Wood

Robert C. C. Wood

rccwood@aol.com

Texas State Bar No. 21914500

6688 N. Central Expressway, Suite 1000

Dallas, Texas 75206

(214) 369-3209- Telephone

(214) 363-1559- Facsimile

*Attorney for Plaintiff Housing Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 29th day of June, 2020, I served the foregoing instrument via electronic service pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

**Valerie Henderson**
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
vhenderson@bakerdonelson.com
1301 McKinney Street, Suite 3700
Houston, Texas 77010

/s/ Robert Wood
Robert C.C. Wood