# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HOUSING SERVICES, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1274-S |
| | § | |
| ALDEN TORCH FINANCIAL, LLC et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Housing Services, Inc.'s ("Plaintiff") Motion to Remand [ECF No. 13]. For the following reasons, the Court **DENIES** the Motion.

### I.   BACKGROUND

In or around 2008, Plaintiff made a loan to Defendant TX Hillside Apartments, LP ("Hillside"), which was secured by a deed of trust on real property. Pl.'s Orig. Pet. ¶ 13. Sometime thereafter, Plaintiff alleges it was fraudulently induced to assign the Loan ("Loan Assignment") to Defendants Alden Torch Financial, LLC, Grand Marais LLC, and/or Alden LP, LLC d/b/a Alden Torch LP, LLC ("Alden Defendants") without receiving any consideration in exchange. *Id.* ¶ 14. Plaintiff's Original Petition ("Original Petition") seeks a declaratory judgment against Hillside that the Loan Assignment was void and invalid. *Id.* ¶ 24.

On April 13, 2020, Plaintiff filed this lawsuit in the 193rd Judicial District Court of Dallas County, Texas. *See* Notice of Removal ¶ 1. Defendants Alden Torch Financial LLC, Grand Marais, LLC, and Alden LP, LLC (collectively, "Removing Defendants") removed this action based on diversity, contending that Hillside[1] was improperly joined. *See id.* ¶ 10. The parties

---

[1] Removing Defendants also allege that Defendants Highland Gardens, LP, Tahoe Housing, LP, Oak Hollow Housing, LP, TX Bluffview Housing, LP, Colorado Creekside Housing, LP, TX Hillside Apartments, LP, and Escondido Housing, LP were improperly joined. *See* Notice of Removal ¶ 10. Those entities, however, are not Texas citizens, as their members are citizens of Colorado and Massachusetts. *See Trafigura AG v. Enter. Prod. Op. LLC*, 995 F. Supp. 2d 641, 466 (S.D. Tex. 2014) (noting that the citizenship of a partnership is determined by the citizenship of its

agree that Plaintiff and Hillside are citizens of Texas. *See id.* ¶¶ 9-10; *see also* Mot 1. Accordingly, Plaintiff filed the instant Motion to Remand ("Motion") on May 30, 2020, which is now fully briefed and pending before the Court.

## II.     LEGAL STANDARD

When a suit is removed on the basis of diversity, the removing defendants must establish by a preponderance of the evidence that (1) the amount in controversy exceeds $75,000[2] and (2) "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Nerium Int'l, LLC v. Burdick*, Civ. A. No. 3:16-CV-3545-D, 2017 WL 7596914, at *2 (N.D. Tex. Jan. 6, 2017) (citation omitted); *see also M&L Rose Enters., Inc. v. Milwaukee Cas. Ins.*, 3:14-CV-1739-P, 2015 WL 12731720, at *1 (N.D. Tex. Mar. 17, 2015) (citations omitted).

"The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "'entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Nerium*, 2017 WL 7596914, at *2 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court." *Id.* (quoting *Parsons v. Baylor Health Care Sys.*, Civ. A. No. 3:12-CV-4071-D, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012)). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by
> the plaintiff against an in-state defendant, which stated differently means there is
> no reasonable basis for the district court to predict that the plaintiff might be able
> to recover against an in-state defendant.

---

members). Because the joinder of Hillside would destroy diversity, this Order only addresses whether Hillside was improperly joined.

[2] Plaintiff does not contest that the amount in controversy exceeds $75,000. *See* Mot.

*Id.* (quoting *Smallwood*, 385 F.3d at 573); *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meanings, and holding that pleadings must show more than "any mere theoretical possibility of recovery.").

When deciding whether a defendant has been improperly joined, a federal court applies the federal pleading standard. *See id.* (*citing Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016)). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "In concluding that a plaintiff has not stated a claim against a nondiverse defendant under a Rule 12(b)(6)-type analysis in this context, the federal court decides only that it has jurisdiction over the plaintiff's claims against the diverse defendants—not that the plaintiff does not have a claim at all against the nondiverse defendant." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 206.

### III. ANALYSIS

#### A. *Relevant Pleading*

"A motion to remand is evaluated 'on the basis of claims in the state court complaint as it exists at the time of removal.'" *Bonin v. Sabine River Authority of La.*, 961 F.3d 381, 385 (5th Cir. 2020) (quoting *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Without such a rule, the disposition of the issue would never be final, but would instead have to

3

be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." *Cavallini*, 44 F.3d at 264. Accordingly, the Court will consider the Original Petition filed in state court rather than the First Amended Complaint to determine whether remand is appropriate. *Hamaker v. Chase Manhattan Mortg. Corp.*, No. 4:12-CV-773, 2013 WL 1196570, at *1 (E.D. Tex. Mar. 22, 2013) ("The court does not review the amended complaint, filed after removal, for determining whether to grant or deny [a] motion to remand.").

### B. *Declaratory Judgment Claim*

The Court looks to Texas law to determine whether there is a reasonable basis for Plaintiff to recover against Hillside under the Original Petition. *See Boy Scouts of Am. v. Hartford Accident & Indemnity Co.*, 443 F. Supp. 3d 753, 760 (N.D. Tex. 2020) (citations omitted). "The [Texas Declaratory Judgment Act ("TDJA")] affords Texas courts the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Id.* (quoting *Prime Income Asset Mgmt. Co. et al. v. Waters Edge Living LLC, et al.*, Civ. A. No. 3:07-CV-0102-D, 2007 WL 2229050, at *5 (N.D. Tex. Aug. 3, 2007)). Even though this statute is construed liberally, Texas courts "limit [its] application to cases in which there is an actual case or controversy between the parties." *Id.* (citation omitted). "Texas courts do not have the authority to render advisory opinions, and therefore may not review hypothetical or contingent situations, or determine questions not currently essential to the decision of an actual controversy." *Id.* (citation omitted) (internal quotation marks omitted).

Here, Plaintiff argues that Hillside is not improperly joined because a declaratory judgment voiding the Loan Assignment would not be binding on Hillside. *See* Mot. ¶ 7. Specifically, Plaintiff asserts that there is a "likelihood that [Hillside] would not comply with a judgment in this case [requiring them to make note payments to Plaintiff]," and therefore, Hillside is a proper party.

4

*See id.* ¶ 8. However, allegations as to what Hillside *might* do are purely hypothetical and do not amount to an "actual case or controversy" between the parties. *See Boy Scouts of Am.*, 443 F. Supp. 3d at 760. Accordingly, the Court finds that there is no reasonable basis for recovery by Plaintiff against Hillside with respect to the Original Petition. *See Nerium Int'l, LLC*, 2017 WL 7596914, at *2.

## IV. CONCLUSION

For the reasons discussed above, the Removing Defendants have demonstrated that there is no reasonable basis for recovery by Plaintiff against Hillside under the Original Petition. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**SO ORDERED.**

SIGNED August 17, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE